Filed 11/20/20  Glickman v. Krolikowski CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM GLICKMAN, | |
| Plaintiff and Respondent, | G057879 |
| v. | (Super. Ct. No. 30-2019-01049771) |
| CHARLES S. KROLIKOWSKI et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.

Manning & Kass, Ellrod, Ramirez, Trester, Frederic W. Trester and Steven J. Renick for Defendants and Appellants.

Tracy L. Anielski for Plaintiff and Respondent.

\*          \*          \*

Respondent William Glickman sued appellants Charles S. Krolikowski and his law firm, Newmeyer & Dillion LLP (collectively "N&D") for legal malpractice. N&D moved to compel arbitration, arguing the dispute was governed by an arbitration agreement contained in a prior written retainer agreement between the parties. The trial court denied the motion to compel arbitration, and N&D appealed.

N&D argues the trial court erred in concluding the prior retainer agreement did not apply to the instant action. It contends that under paragraph 13 of the prior agreement, Glickman agreed to arbitrate any disputes arising from any later representations. After independently reviewing paragraph 13, we conclude Glickman did not agree the prior written agreement would govern future representations. In addition, as discussed below, we conclude Business and Professions Code section 6148, subdivision (d)(2) (all further citations are to the Business & Professions Code, unless otherwise stated), does not establish the existence of a valid arbitration agreement because that statutory provision applies only to fee provisions in prior retainer agreements. Accordingly, we affirm the order denying N&D's motion to compel arbitration.

I

FACTUAL AND PROCEDURAL BACKGROUND

The facts are largely undisputed. In November 2016, Glickman retained N&D to provide legal advice regarding a dispute with the City of Dana Point. He signed a written retainer agreement, hereinafter referred to as the "Letter Agreement" or "LA." The Letter Agreement referenced "Glickman adv. City of Dana Point," and described the scope of N&D's representation as providing "general representation and advice to you in the above-referenced eminent domain matter." The LA contained a clause requiring binding arbitration for any dispute between the parties arising from the representation. In paragraph 13 of the LA, under the heading "New Matters," it provides: "Unless

2

otherwise agreed in writing, if you engage us to provide any new or additional matters or if the nature of the matter for which we have been engaged changes, the terms of such agreement, other than as to its scope, shall be in accordance with the terms set forth in this letter. Nothing in this Agreement obligates N&D to represent Client for new matters, and no such representation will exist unless and until N&D agrees to represent Client for that new matter." Glickman signed the LA, acknowledging he agreed to the terms, and that he had received a signed duplicate of the agreement.[1]

A year later, Glickman retained N&D to provide legal services involving a dispute with his neighbor, the "Glickman v. Meston" matter. Glickman did not sign a new or additional written agreement. Several months later, Glickman filed an action against N&D alleging malpractice and related claims arising from this second representation. Glickman noted the existence of the LA, which was attached to the complaint, but purported to rescind it.

N&D filed a motion to compel arbitration, arguing the LA, including its arbitration provisions, "governed the terms of the engagement, pursuant to the terms of paragraph 13."

Glickman opposed the motion to compel arbitration, arguing the LA did not apply to the second representation for three reasons. First, the LA was unenforceable because its terms were unconscionable. Second, the LA had been rescinded. Finally, Glickman argued the LA did not comply with the requirements of section 6148 as to the second representation, and thus was voidable. Glickman argued that contrary to the requirements of section 6148, the LA did not provide an accurate statement of the scope

---

[1] Aside from ultimate facts such as whether Glickman agreed to arbitrate any future disputes, whether Glickman actually received a signed duplicate of the LA is the only significant fact the parties disputed. Our resolution of this appeal does not rely on this disputed fact.

of the second representation and he did not receive a copy of the LA. Glickman contended he invoked his right to void the LA when he rescinded it.

In reply, N&D disputed whether the LA was unenforceable or had been rescinded. N&D also contended Glickman had received a copy of the LA. N&D further argued the description of services in the LA was sufficiently broad to include the legal work in the second representation. Finally, N&D argued that even if the LA had been voided, the terms of the LA nonetheless applied to the second representation pursuant to section 6148, subdivision (d)(2), which provides an exception to the "entire requirement of a written engagement agreement" when an attorney provides services "of the same general kind as previously rendered to and paid for by the client."[2]

The trial court denied the motion to compel arbitration. After noting that the only arbitration agreement N&D presented was the LA, it concluded the LA did not apply to the second representation. The court did not make a finding whether Glickman actually received a copy of the LA, but concluded that even had Glickman received a copy, the LA nonetheless failed to meet the requirement of section 6148 to describe the scope of the legal services. The court noted the LA expressly stated it would apply to the "Glickman adv. City of Dana Point," but did not reference the "Glickman v Meston" matter. The court further concluded that section 6148, subdivision (d)(2), did not apply to save the arbitration provisions because that statutory provision applied only to fee provisions.

II

DISCUSSION

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a

_____

[2] Glickman filed a supplemental opposition, which N&D argued was untimely. We note the existence of the supplemental opposition, but do not consider it in our opinion.

4

controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for rescission of the agreement."  "As the party seeking to compel arbitration, [N&D] bore the burden of proving the existence of a valid arbitration agreement." (*Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1363.)

"Because the trial court sits as a trier of fact in ruling on . . . a petition [to compel arbitration], its decision on the existence of a valid arbitration agreement will be affirmed on appeal if substantial evidence supports the ruling.  [Citation.]  Where, as here, 'there is no "*factual* dispute as to the language of [the] agreement" [citation] or "conflicting extrinsic evidence" regarding the terms of the contract [citation], our standard of review of a trial court order granting or denying a motion to compel arbitration under [Code of Civil Procedure] section 1281.2 is de novo.'  [Citation.]  'We are not bound by the trial court's construction or interpretation.' [Citation.]"  (*Rice v. Downs* (2016) 248 Cal.App.4th 175, 185.)  "Any ambiguity in a retainer agreement is construed in favor of the client and against the attorney." (*Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 913.)

To the extent the trial court's order denying N&D's motion to compel arbitration requires an interpretation of section 6148, we independently review the court's application of section 6148.  (See *Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 ["It is well settled that the interpretation and application of a statutory scheme presents a pure question of law and is subject to independent review by the courts of appeal."].)

N&D contends that under paragraph 13 of the LA, Glickman agreed to arbitrate the claims arising from the second representation.  We disagree.

5

Per paragaph 13 of the LA, Glickman agreed that if he engaged N&D for any new or additional matters, "the terms of such engagement, other than as to its scope, shall be in accordance with the terms set forth in" the LA. Thus, *if* Glickman agreed to retain N&D for a new or additional matter, the terms of the *new agreement* would be the same as the terms in the LA, except as to the scope of the legal representation. Glickman did not agree that the LA itself would be the agreement governing the new representation. Nor did Glickman agree to waive any challenges to the existence of a new arbitration agreement. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 29 ["If a contract includes an arbitration agreement, and grounds exist to revoke the entire contract, such grounds would also vitiate the arbitration agreement."]; § 6148, subd. (c) ["Failure to comply with any provision of this section [6148] renders the [retainer] agreement voidable at the option of the client. . . ."].)

N&D's reliance on *Reigelsperger v. Siller* (2007) 40 Cal.4th 574, is misplaced. There, the plaintiff patient sought treatment from the defendant chiropractor. The patient signed a consent form in which he agreed that "'I intend this consent form to cover the entire course of treatment for my present condition *and for any future condition(s)* for which I seek treatment.'" (*Id.* at p. 580.) The patient also agreed to arbitrate "'*any* dispute as to medical malpractice,'" and specifically agreed that the arbitration agreement "'is intended to bind the patient and the health care provider . . . who now *or in the future* treat[s] the patient. . . .'" (*Id.* at p. 577.) Based on the foregoing language, the court concluded the patient had agreed to arbitrate a medical malpractice claim arising from treatment for a different condition two years later. (*Id.* at p. 576.) No similar language appears in the LA. Paragraph 13 of the LA only contemplates that any new contract for services would have the same terms as the current agreement. It does not provide that the LA would apply to subsequent representations.

Finally, applying section 6148, subdivision (d), would not result in a valid agreement to arbitrate disputes arising from the second representation. Section 6148,

6

subdivision (a), provides that in "any case . . . in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing." Moreover, "[t]he written contract shall contain all of the following:

> "(1) Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

> "(2) The general nature of the legal services to be provided to the client.

> "(3) The respective responsibilities of the attorney and the client as to the performance of the contract."

Section 6148, subdivision (d), exempts the legal provider from complying with the requirements of section 6148, subdivision (a), in four circumstances, including where there is "[a]n *arrangement as to the fee* implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client." (Italics added)

As the italicized language makes clear, section 6148, subdivision (d), does not apply to nonfee provisions in a contract for services. It is limited to fee provisions that may be inferred from past representations or prior contracts for legal services. Thus, while N&D may rely on section 6148, subdivision (d), to argue it is entitled to the same fee structure in the second representation as in the first representation, it cannot rely on section 6148, subdivision (d), to argue it is entitled to the same arbitration provisions. In sum, N&D has not met its burden to show the existence of a valid agreement to arbitrate disputes arising from its second representation. Accordingly, the trial court properly denied N&D's motion to compel arbitration.

## III

### DISPOSITION

The order denying N&D's motion to compel arbitration is affirmed. Glickman is entitled to his costs on appeal.

ARONSON, ACTING P. J.

WE CONCUR:

FYBEL, J.

GOETHALS, J.